IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS GRAHAM CATHEY AND RONALD "RONNIE" CATHEY, | § § § |
| Plaintiffs, | § § |
| v. | §   Civil Action No. 3:23-CV-02831-S § |
| ASSUREDPARTNERS OF TEXAS, LLC, | § § § |
| Defendant. | § |

## THOMAS GRAHAM CATHEY'S ANSWER TO ASSUREDPARTNERS OF TEXAS, LLC'S COUNTERCLAIM

Plaintiff Thomas Graham Cathey files this Answer to the Counterclaim for Injunctive Relief, Declaratory Judgment, and Damages [ECF No. 3] (the "Counterclaim") of Defendant AssuredPartners of Texas, LLC ("AssuredPartners"), and shows as follows:[1]

1. Graham denies the allegations contained in paragraph 1 of the Counterclaim.

2. Graham denies that the Catheys "sold an insurance agency"—they sold the assets of an insurance agency—but admits the remainder of the allegations contained in paragraph 2 of the Counterclaim.

3. Graham admits the allegations contained in paragraph 3 of the Counterclaim.

4. Graham admits the APA imposed restrictive covenants on the Catheys and that the Catheys sold their business assets to AssuredPartners for roughly the amount of money stated. However, Graham denies that the restrictive covenants are reasonable. Graham lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 4 of the Counterclaim.

---

[1] Unless otherwise defined herein, Graham incorporates by reference the defined terms in the Counterclaim.

5. Graham denies the allegations contained in paragraph 5 of the Counterclaim.

6. Graham admits he intends to provide risk management, among other, services for clients. However, Graham denies the remainder of paragraph 7 of the Counterclaim.

7. Graham denies the allegations contained in paragraph 7 of the Counterclaim.

8. Graham admits the allegations contained in paragraph 8 of the Counterclaim.

9. Graham admits the Grahams filed an Original Petition (the "Petition") in Dallas County state court on December 13, 2023, seeking declaratory judgment. However, Graham denies the remaining allegations contained in paragraph 9 of the Counterclaim.

10. Graham admits the allegations contained in paragraph 10 of the Counterclaim.

11. Graham admits paragraph 11 of the Counterclaim accurately, but only selectively, quotes the APA.

12. Graham denies the allegations contained in paragraph 12 of the Counterclaim.

13. Paragraph 13 contains legal contentions to which no response is required. To the extent a response is required, Graham admits AssuredPartners brings an action for injunctive relief and declaratory judgment but denies any breaches and/or resulting damages.

14. Graham admits the allegations contained in paragraph 14 of the Counterclaim.

15. Graham admits the allegations contained in paragraph 15 of the Counterclaim.

16. Graham admits the allegations contained in paragraph 16 of the Counterclaim.

17. Graham admits the allegations contained in paragraph 17 of the Counterclaim.

18. Graham admits the allegations contained in paragraph 18 of the Counterclaim.

19. Graham admits the allegations contained in paragraph 19 of the Counterclaim.

20. Graham admits the allegations contained in paragraph 20 of the Counterclaim.

21. Graham admits paragraph 21 of the Counterclaim accurately quotes § 2.01(h) of the APA, but Graham denies that AssuredPartners purchased the trade name "Cathey" for use in any and all respects.

22. Graham admits paragraph 22 of the Counterclaim accurately quotes § 6.03 of the APA.

23. Graham admits the Catheys signed employment agreements with AssuredPartners (the "Employment Agreements") but lacks knowledge or information sufficient to form a belief about their materiality. Graham also admits that true and accurate copies of the Employment Agreements are attached to the Counterclaim as Exhibits 2 and 3.

24. Graham lacks knowledge or information sufficient to form a belief about the materiality of the terms discussed in paragraph 24 of the Counterclaim and/or AssuredPartners' intentions behind those terms. Graham admits the Catheys agreed to certain restrictive covenants in the APA.

25. Graham admits the APA includes the restrictive covenants pictured in paragraph 25 of the Counterclaim.

26. Graham denies the allegations contained in paragraph 26 of the Counterclaim.

27. Graham admits the allegations contained in paragraph 27 of the Counterclaim.

28. Graham admits the allegations contained in paragraph 28 of the Counterclaim.

29. Graham admits the allegations contained in paragraph 29 of the Counterclaim.

30. Graham admits the allegations contained in paragraph 30 of the Counterclaim.

31. Graham admits the allegations contained in paragraph 31 of the Counterclaim, but notes for completeness that the "risk-management services" and "other risk-related services"

referenced in § 1.60(a) of the APA are limited to those services that are "related to marketing, selling or servicing Insurance Products …"

32. Graham denies the allegations contained in paragraph 32 of the Counterclaim.

33. Graham denies that the restrictions are "entirely reasonable." Graham further denies the remaining allegations contained in paragraph 33 of the Counterclaim.

34. Graham admits that paragraph 34 accurately quotes § 6.08 of the APA.

35. Graham lacks knowledge or information sufficient to form a belief about the materiality of the terms discussed in paragraph 35 of the Counterclaim and/or AssuredPartners' intentions behind them. However, Graham admits § 3.03(c) of the APA states the Catheys shall deliver the Employment Agreements on the date of closing.

36. Graham admits that paragraph 36 of the Counterclaim accurately quotes § 3(a) of the Employment Agreements.

37. Graham admits the allegations contained in paragraph 37 of the Counterclaim.

38. Graham admits paragraph 38 of the Counterclaim accurately quotes § 4 of the Employment Agreements.

39. Graham admits the allegations contained in paragraph 39 of the Counterclaim.

40. Graham admits the allegations contained in paragraph 40 of the Counterclaim.

41. Graham admits the allegations contained in paragraph 41 of the Counterclaim.

42. Graham denies the allegations contained in paragraph 42 of the Counterclaim.

43. Graham denies the allegations contained in paragraph 43 of the Counterclaim.

44. Graham denies the allegations contained in paragraph 44 of the Counterclaim.

45. Graham denies the allegations contained in paragraph 45 of the Counterclaim.

46. Graham admits that his accountant filed to reinstate the charter of Cathey Insurance Services, LLC, after the entity's charter was revoked for a forfeiture pursuant to Section 171.309 of the Texas Tax Code. Graham admits that doing so was a "risk mitigation step." *See, e.g. Breakwater Advanced Mfg., LLC v. E. Tex. Mach. Works, Inc.*, No. 12-19-00013-CV, 2020 WL 827139, at *8 (Tex. App.—Tyler Feb. 19, 2020, pet. denied). Graham denies that AssuredPartners purchased CIS in 2019 – it was an *asset* purchase, not a purchase of the entity itself.

47. Graham admits he formed a new entity named "Graham Risk Consulting, LLC" with the Texas Office of the Secretary of State on December 5, 2023; however, Graham changed the entity's name to "Tailwind Risk Services LLC" on December 19, 2023. Graham denies the remaining allegations contained in paragraph 47 of the Counterclaim.

48. Graham admits the allegations in paragraph 48 of the Counterclaim.

49. Graham admits the allegations contained in paragraph 49 of the Counterclaim.

50. Graham admits the allegations contained in paragraph 50 of the Counterclaim.

51. Graham denies that the Petition does not challenge the enforceability of Graham's restrictive covenants in the Employment Agreements; by example, Graham does just that in paragraph 18 of the Petition. Graham further denies the remaining allegations contained in paragraph 51 of the Counterclaim, as the Petition's exhibits reference both the APA and the sale of the assets of Cathey Insurance Services, LLC (to which the Counterclaim refers as the "Transaction").

52. Graham denies the allegations contained in paragraph 52 of the Counterclaim.

53. Graham denies the allegations contained in paragraph 53 of the Counterclaim.

54. Graham denies the allegations contained in paragraph 54 of the Counterclaim.

55. Graham denies the allegations contained in paragraph 55 of the Counterclaim.

56. Graham denies the allegations contained in paragraph 56 of the Counterclaim.

57. Graham denies the allegations contained in paragraph 57 of the Counterclaim.

58. Paragraph 58 consists of legal contentions to which no response is required.

59. Graham admits the allegations contained in paragraph 58 of the Counterclaim while noting the APA's *terms* raise questions of construction, interpretation, and enforceability.

60. Graham denies the allegations contained in paragraph 60 of the Counterclaim.

61. Graham lacks knowledge or information sufficient to form a belief about the materiality of the terms discussed in paragraph 61 of the Counterclaim and/or AssuredPartners' intentions behind those terms.

62. Graham lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of the Counterclaim.

63. Graham denies the allegations contained in paragraph 63 of the Counterclaim.

64. Graham denies the allegations contained in paragraph 64 of the Counterclaim.

65. Graham denies the allegations contained in paragraph 65 of the Counterclaim.

66. Graham denies the allegations contained in paragraph 66 of the Counterclaim.

67. Graham denies the allegations contained paragraph 67 of the Counterclaim.

68. Paragraph 68 consists of legal contentions to which no response is required.

69. Graham admits the allegations in paragraph 69 of the Counterclaim while noting the Employment Agreement's *terms* raise questions of construction, interpretation, and enforceability.

70. Graham denies the allegations contained in paragraph 70 of the Counterclaim.

71. Graham lacks knowledge or information sufficient to form a belief about the materiality of the terms discussed in paragraph 71 of the Counterclaim and/or AssuredPartners' intentions behind those terms.

72. Graham lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 72 of the Counterclaim.

73. Graham denies the allegations contained in paragraph 73 of the Counterclaim.

74. Graham denies the allegations contained in paragraph 74 of the Counterclaim.

75. Graham denies the allegations contained in paragraph 75 of the Counterclaim.

76. Graham denies the allegations contained in paragraph 76 of the Counterclaim.

77. Graham denies the allegations contained in paragraph 77 of the Counterclaim.

78. Paragraph 78 consists of legal contentions to which no response is required.

79. Graham denies the allegations contained in paragraph 79 of the Counterclaim.

80. Graham denies the allegations contained in paragraph 80 of the Counterclaim.

81. Graham denies the allegations contained in paragraph 81 of the Counterclaim.

82. Graham denies the allegations contained in paragraph 82 of the Counterclaim, as Graham denies any breaches.

83. Graham denies the allegations contained in paragraph 83 of the Counterclaim.

84. Graham denies the allegations contained in paragraph 84 of the Counterclaim.

85. Paragraph 85 consists of legal contentions to which no response is required.

86. Graham admits the allegations contained in paragraph 86 of the Counterclaim.

87. Paragraph 87 contains legal contentions to which no response is required.

88. Graham denies that AssuredPartners is entitled to any of the relief it seeks in its prayer for relief.

Respectfully submitted,


By: _____/s/ Brian P. Shaw_____
    **Brian P. Shaw**
    Texas Bar No. 24053473
    Email: bshaw@ccsb.com
    **Neil Burger**
    Texas Bar No. 24036289
    Email: nburger@ccsb.com
    **Haley N. Ablon**
    Texas Bar No. 24123753
    Email: hablon@ccsb.com
    **CARRINGTON, COLEMAN,**
    **SLOMAN & BLUMENTHAL, L.L.P.**
    901 Main Street, Suite 5500
    Dallas, Texas 75202
    (214) 855-3000 – Telephone
    (214) 580-2641 – Facsimile

    **ATTORNEYS FOR THOMAS GRAHAM CATHEY**